**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

VANESSA BERRIOS,

        Plaintiff,

v.                                            Case No. 6:16-cv-0272-Orl-37TBS

EYM DINER OF FLORIDA, LLC; and
EYM DINER L.P.,

        Defendants.

## ORDER

This cause is before the Court on the parties' joint Stipulation of Dismissal Without Prejudice (Doc. 23), filed August 31, 2016.

In her one-count Complaint (Doc. 1), filed February 17, 2016, Plaintiff alleges that Defendants retaliated against her in violation of the Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 215(a)(3), after she complained about minimum wage and overtime requirements. Defendants deny the allegations in their Answer & Affirmative Defenses (Doc. 10), filed March 24, 2016. The parties now stipulate to the dismissal of this action without prejudice, with each party to bear their own costs. (Doc. 23 ("**Stipulation**").) The Stipulation does not attach or mention a settlement or release of Plaintiff's FLSA claim.

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) authorizes the dismissal of an action without court order where, as here, it is signed by all parties who have appeared. However, to the extent that the Stipulation is based on a settlement agreement that compromises Plaintiff's FLSA claim,[1] the agreement must be judicially approved. *See*

---

[1] FLSA claims are "compromised" where the plaintiff receives less than full compensation or relinquishes any right provided by FLSA. *See Bonetti v. Embarq*

*Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982) (holding that, unless supervised or brought by the Secretary of Labor, the settlement of FLSA claims is binding only if approved by the court). Specifically, the Court must determine that the settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

Conversely, where the proposed dismissal does not hinge upon the release, settlement, or compromise of FLSA claims, judicial approval of a settlement agreement is not required. *See Bonetti*, 715 F.Supp.2d 1222 at fn 6 ("If the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the Court to review the settlement"); *see also Feagans v. Americana Jax Invs., Inc.*, No. 3:07-cv-433-J-33HTS, 2008 WL 782488, at *1 (M.D. Fla. Mar. 20, 2008) (dismissing FLSA lawsuit based on counsel's representation of full compensation to the plaintiff on unpaid overtime claims).

Here, the parties have not informed the Court as to why they stipulate to the dismissal of this case. Because the Court is unable to ascertain whether there has been a settlement or compromise of Plaintiff's FLSA claim, dismissal cannot be entered at this time.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Stipulation of Dismissal (Doc. 23) is **DENIED WITHOUT PREJUDICE**.
2. The Parties are **DIRECTED** to supplement their Stipulation on or before Tuesday, **September 20, 2016**, and explain whether the proposed dismissal is based on a settlement or compromise of Plaintiff's FLSA claim.

---

*Management Co.*, 715 F.Supp.2d 1222 (2009).

If so, the parties must also provide the Court with a copy of the agreement or otherwise describe its terms such that the Court may evaluate its fairness along with a Motion for Approval.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 7, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record